No. 26-5768

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LAQUINDOLYN EVANS, AKA LOU EVANS,
Plaintiff-Appellant,

v.

SIMMONS BANK,
Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Tennessee at Memphis
Hon. Brian C. Lea, U.S. District Judge
Case No. 2:24-cv-02912

# BRIEF OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AS AMICUS CURIAE IN SUPPORT OF APPELLANT AND IN FAVOR OF REVERSAL

CHRISTOPHER LAGE
Deputy General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

GAIL S. COLEMAN
Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
202-921-2920
gail.coleman@eeoc.gov

## TABLE OF CONTENTS

Table of Authorities ........................................................................................ ii

Statement of Interest ........................................................................................1

Statement of the Issues ........................................................................................2

Statement of the Case ........................................................................................2

A. Statement of the Facts ........................................................................................2

B. District Court's Decision ........................................................................................4

Argument ........................................................................................6

The district court erred by granting summary judgment without considering all of the evidence ........................................................................................6

I. The court should have looked at the circumstantial evidence without resorting to *McDonnell Douglas* ..................7

II. Even under the *McDonnell Douglas* framework, the court should have considered evidence of Grey's discriminatory remarks. ..................................................12

A. *McDonnell Douglas* is simply a framework for organizing evidence. ..................................................13

B. The fourth prong of a prima facie case under *McDonnell Douglas* is flexible enough to account for all evidence of discrimination. ................................15

Conclusion ........................................................................................21

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

## Cases

*Ames v. Ohio Department of Youth Services*,
605 U.S. 303 (2025) .......... 14

*Barnes v. GenCorp Inc.*,
896 F.2d 1457 (6th Cir. 1990) .......... 17, 18

*Beaven v. Kentucky*,
783 F.2d 672 (6th Cir. 1986) .......... 15

*Birch v. Cuyahoga County Probate Court*,
392 F.3d 151 (6th Cir. 2004) .......... 15-16, 17

*Bledsoe v. Tennessee Valley Authority Board of Directors*,
42 F.4th 568 (6th Cir. 2022) .......... 17

*Blount v.Stanley Engineering Fastening*,
55 F.4th 504 (6th Cir. 2022) .......... 19

*Brown v. Packaging Corporation of America*,
338 F.3d 586 (6th Cir. 2003) .......... 16

*Charlton-Perkins v. University of Cincinnati*,
35 F.4th 1053 (6th Cir. 2022) .......... 16

*Desert Palace, Inc. v. Costa*,
539 U.S. 90 (2003) .......... 9

*Driscoll v. Montgomery County Board of County Commissioners*,
173 F.4th 794 (6th Cir. 2026) .......... 2

*Furnco Construction Corp. v. Waters*,
438 U.S. 567 (1978) .......... 14

*Gohl v. Livonia Public Schools School District*,
836 F.3d 672 (6th Cir. 2016) .................................................... 6, 8, 9, 11, 17-18

*Hayes v. Clariant Plastics & Coatings USA, Inc.*,
144 F.4th 850 (6th Cir. 2025) ........................................................................ 19

*Ismael v. Roundtree*,
161 F.4th 752 (11th Cir. 2025) ........................................................................ 9

*Kean v. Brinker International, Inc.*,
140 F.4th 759 (6th Cir. 2025) .................................................................. 17, 20

*M.J. ex rel. S.J. v. Akron City School District Board of Education*,
1 F.4th 436 (6th Cir. 2021) ........................................................................... 18

*Macy v. Hopkins County School Board of Education*,
484 F.3d 357 (6th Cir. 2007) ......................................................................... 16

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) ........................................................ 5-7, 9, 12-15, 18, 20

*Moore v. Next Generation Hospitality LLC*,
No. 24-4050, 2025 WL 3025607 (6th Cir. Oct. 29, 2025) ................................ 18

*Morgan v. SVT, LLC*,
724 F.3d 990 (7th Cir. 2013) ...................................................................... 8, 10

*Ortiz v. Werner Enterprises, Inc.*,
834 F.3d 760 (7th Cir. 2016) .................................................................. 11, 20

*Patterson v. Kent State University*,
155 F.4th 635 (6th Cir. 2025) .................................................................. 18, 19

*Poer v. Jefferson County Commission*,
100 F.4th 1325 (11th Cir. 2024) ...................................................................... 9

*Reeves v. Sanderson Plumbing Products Inc.*,
530 U.S. 133 (2000) ........ 8

*Shah v. General Electric Co.*,
816 F.2d 264 (6th Cir. 1987) ........ 16

*St. Mary's Honor Center v. Hicks*,
509 U.S. 502 (1993) ........ 13

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) ........ 14

*Texas Department of Community Affairs v. Burdine*,
450 U.S. 248 (1981) ........ 12, 13, 15, 20

*Tynes v. Florida Department of Juvenile Justice*,
88 F.4th 939 (11th Cir. 2023) ........ 9, 12, 21

*U.S. Postal Service Board of Governors v. Aikens*,
460 U.S. 711 (1983) ........ 13, 14

*Washington County v. Gunther*,
452 U.S. 161 (1981) ........ 15

*Watkins v. Northwest Ohio Tractor Pullers Association, Inc.*,
630 F.2d 1155 (6th Cir. 1980) ........ 7

*Willard v. Huntington Ford, Inc.*,
952 F.3d 795 (6th Cir. 2020) ........ 17

*Williamson v. University of Louisville*,
No. 23-5812, 2024 WL 3595912 (6th Cir. Apr. 4, 2024) ........ 18

## Statutes

Title VII of the Civil Rights Act of 1964,
42 U.S.C. §§ 2000e *et seq.* ........................................ 1, 14

## Rules

Federal Rule of Appellate Procedure 29(a) ........................................ 2

Federal Rule of Civil Procedure 56 ........................................ 7, 11

## STATEMENT OF INTEREST

Congress charged the Equal Employment Opportunity Commission ("EEOC") with administering and enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff Laquindolyn ("Lou") Evans, a Black woman, alleges that Simmons Bank terminated her because of her race. She testified that her supervisor constantly told her she had to be "perfect" because she was the only Black woman in her position in that branch of the bank. The district court held that a jury could interpret these statements as evidence of discrimination but granted summary judgment to Simmons Bank without taking them into account. Contrary to Supreme Court and Sixth Circuit precedent, the court reasoned that Evans could only avoid summary judgment by offering "direct evidence" of discrimination or by offering evidence of comparators of a different race who were treated differently. Holding that she had done neither, the district court granted summary judgment to Simmons Bank.

The EEOC has a substantial interest in the proper interpretation of the laws it enforces. The district court's analysis excluded evidence that the court itself deemed jury-worthy. This approach would negatively impact

enforcement of the civil rights statutes. Accordingly, the EEOC files this brief pursuant to Federal Rule of Appellate Procedure 29(a).

## STATEMENT OF THE ISSUES[1]

1. Must a court at summary judgment consider all circumstantial evidence of discrimination, regardless of whether it uses the *McDonnell Douglas* evidentiary framework?

2. Did the district court err by holding that Evans could not establish a prima facie case of discrimination under *McDonnell Douglas* unless she showed that similarly situated individuals outside her protected class were treated differently, notwithstanding Supreme Court and Circuit law to the contrary?

## STATEMENT OF THE CASE

### A. Statement of the Facts[2]

Lou Evans has worked in the banking industry for over seventeen years. Evans Decl. ¶ 3, R.30, PageID # 515. In August 2023, she joined

[1] The EEOC takes no position on any other issue in this case.

[2] The EEOC presents these facts in the light most favorable to Evans, in accordance with the standard of review for an award of summary judgment. *See Driscoll v. Montgomery Cnty. Bd. of Cnty. Comm'rs*, 173 F.4th 794, 799 (6th Cir. 2026).

Simmons Bank as a "Business Banker III," where she worked alongside two White men in the lower-ranked position of "Business Banker I." Simmons Decl. ¶ 9, R.26-2, PageID # 114; Grey Dep. at 32, R.26-4, PageID # 127; Evans Dep. at 186, R.26-9, PageID # 250. Director of Market Development Dion Grey, a Black man, supervised all three Business Bankers. Grey Dep. at 35-36, 149, R.26-4, Page ID ## 128, 156. Grey and Evans had worked together previously at another bank. Evans Dep. at 125, R.26-9, PageID # 235.

At Simmons Bank, Evans testified, Grey "constantly reminded [me] that I had to be perfect on everything because I was the only Black female and I had to make sure that everything was in order and things of that nature." Evans Dep. at 104, R.26-9, PageID # 229. Grey acknowledged that he told Evans that "sometimes, whether fair or not, we are held to a different standard. And whether that be a Black man, Black woman … she has to keep that in mind." Grey Dep. at 129, R.26-4, PageID # 151. Grey stated that he was "referring to … an unspoken rule within … the Black community" and that he did not think this was a Simmons Bank policy. Grey Dep. at 150, R.26-4, PageID #157. "But … me being raised in the South in Louisiana," he said, "it's a … personal belief of mine that you … just

need to be as excellent as possible at all times." Grey Dep. at 150, R.26-4, PageID # 157.

In December 2003, Grey, his supervisor Brandon Cooper, and HR Director of Business Partners Kristin Robinson fired Evans. Evans Dep. at 16-17, 66, R.26-9, PageID ## 207-208, 220; Grey Dep. at 111-12, R.26-4, PageID # 147. Grey testified that they did so for performance reasons. Grey Dep. at 111, R.26-4, PageID #147. Evans filed suit under Title VII, alleging that her termination was because of her race. Compl. at 1, R.1, PageID # 1.

**B. District Court's Decision**

The district court granted summary judgment to Simmons Bank. Order at 1, R.35, Page ID # 547. It acknowledged that Grey's comments could be interpreted in more than one way: (1) as evidence of a supervisor encouraging his "protegee of the same race to strive for excellence in the hope of creating a path or pipeline for similar candidates," (2) as a "frank acknowledgement … of an actual or perceived double standard in business … not embraced by the supervisor himself," or (3) as a "straightforward assertion" of race discrimination. Order at 4-5, R.35, PageID ## 550-551. "Under the general applicable summary judgment standard," the court said, "one would assume that the courts would adopt the non-movant's

understanding and leave it to the jury to make the call." Order at 5, R.35, PageID # 551. However, the court said, the summary judgment standard applies differently in the Title VII context. *Id.*

According to the district court, Evans had two choices: she could show direct evidence of discrimination, or she could use circumstantial evidence to raise an inference of discrimination by establishing a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Order at 4-7, R.35, PageID ## 550-553. Ruling that Grey's statements were not direct evidence, the court turned to *McDonnell Douglas.* Order at 6, R.35, PageID ##550-552. In order to establish a prima facie case, the court said, Evans had to show that she was "treated differently from someone similarly situated but not in [her] protected class." Order at 6, R.35, PageID # 552 (quoting *Patterson v. Kent State Univ.*, 155 F.4th 635, 645 (6th Cir. 2025)). Evans had no sufficiently similar comparators, the court said, because she was a Business Banker III, and her two coworkers were Business Bankers I. Order at 7, R.35, Page ID # 553. Thus, the court held, Evans could not establish a prima facie case. *Id.* The court did not consider Grey's statements when analyzing evidence pursuant to *McDonnell Douglas.*

## ARGUMENT

**The district court erred by granting summary judgment without considering all of the evidence.**

The district court erroneously reasoned that this Court's precedent constrained it to consider the evidence in one of two ways: (1) as direct evidence; or (2) as circumstantial evidence, through the lens of *McDonnell Douglas*. Order at 5-6, R.35, PageID ## 551-552. Because the court determined that Evans had not submitted direct evidence, it turned to *McDonnell Douglas*. *Id.* In the court's view, *McDonnell Douglas* left no room to consider Grey's statements as support for Evans's prima facie case. Without establishing a prima facie case under *McDonnell Douglas*, the court held, there was no way for Evans to raise an inference of discrimination through circumstantial evidence. *Id.* The court was wrong.

First, as this Court has already ruled, *McDonnell Douglas* is not the only way a plaintiff may show discrimination through circumstantial evidence. *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 683 (6th Cir. 2016). Here, the district court believed that a reasonable juror could interpret Grey's statements as evidence of discrimination. Order at 5, R.35, PageID # 551 ("Under the generally applicable summary judgment

standard, one would assume that the courts would adopt the nonmovant's understanding and leave it to the jury to make the call."). Thus, it should have denied summary judgment without resorting to *McDonnell Douglas.*

Second, even under the *McDonnell Douglas* framework, this Court does not require a rigid construction of the prima facie case; an evidentiary framework should not prevent the court from considering the entire record. Had the district court considered Evans's evidence as a whole or applied *McDonnell Douglas* correctly, it would not have granted summary judgment. The district court itself suggested that Grey's statements raised a genuine issue of material fact. Order at 5-6, R.35, PageID # 551-552.

## I. The court should have looked at the circumstantial evidence without resorting to *McDonnell Douglas*.

In discrimination cases, as in all other cases, a court may grant a motion for summary judgment only "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A court must look at the "whole record" when making this determination. *Watkins v. Nw. Ohio Tractor Pullers Ass'n, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980). Accordingly, if a plaintiff does not present direct evidence of discrimination (i.e., evidence sufficient to show causation with no

inferences), the court may look at all circumstantial evidence together rather than walking through the *McDonnell Douglas* burden-shifting framework. *See Morgan v. SVT, LLC*, 724 F.3d 990, 997 (7th Cir. 2013). Courts regularly look at all the evidence together outside the Title VII context without using any particular evidentiary framework for organization. A holistic approach to the evidence is equally appropriate under Title VII. *See Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 148 (2000) ("[W]e have reiterated that trial courts should not treat discrimination differently from other ultimate questions of fact." (cleaned up)). *Contrast* Order at 5-6, R.35, PageID ## 551-552 (stating that this Court applies different standards to employment discrimination cases).

As noted above, *supra* p.6, this Court has already recognized the necessity of taking a holistic approach to analyzing evidence of discrimination. In *Gohl*, this Court held that the plaintiff's circumstantial evidence did not satisfy the *McDonnell Douglas* prima facie test,[3] but it then proceeded to analyze the evidence *outside* the *McDonnell Douglas*

[3] The *Gohl* Court reached this conclusion because it applied the *McDonnell Douglas* framework incorrectly. *See infra* pp.17-18.

framework. *Gohl*, 836 F.3d at 683. The court explained that a plaintiff's burden is only to "produce enough evidence of discrimination to persuade a reasonable jury that animus was a but-for cause of the challenged act." *Id.* "[T]he labels we might attach to evidence—'direct' or 'indirect'—do not matter," the court said. *Id.* "Evidence counts as long as it is relevant to the purported reasonable jury's inquiry." *Id.*; *see also Desert Palace, Inc. v. Costa,* 539 U.S. 90, 100 (2003) ("The reason for treating circumstantial and direct evidence alike is both clear and deep rooted: Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." (cleaned up)).

This holistic method is equivalent to what the Eleventh Circuit calls the "convincing mosaic" approach. *See Tynes v. Fla. Dep't of Juv. Justice*, 88 F.4th 939, 946-47 (11th Cir. 2023). As that court has explained, "*McDonnell Douglas* was never intended to be the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case." *Ismael v. Roundtree*, 161 F.4th 752, 760 (11th Cir. 2025) (cleaned up); *see also Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336-37 (11th Cir. 2024) ("A plaintiff who cannot satisfy the *McDonnell Douglas* framework may still be able to prove her case with a convincing mosaic of circumstantial evidence that

would allow a reasonable jury to infer or find intentional racial discrimination in an adverse employment action.”).

The Seventh Circuit takes a similar approach. Initially, it referred to this way of analyzing evidence as the “direct … method of proof” (not to be confused with “direct evidence”). *Morgan*, 724 F.3d at 995. As it explained, “‘Direct’ proof includes both evidence explicitly linking an adverse employment action to an employer’s discriminatory animus and circumstantial evidence that would permit the trier of fact to infer that discrimination motivated the adverse action.” *Id.* (cleaned up). The court elaborated, “If the plaintiff can assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action, then summary judgment for the defendant is not appropriate, and the plaintiff may prevail at trial even without producing any ‘direct’ proof.” *Id.* at 995-96. In contrast to this “direct method,” the Seventh Circuit explained that “[t]he term ‘indirect method’ refers to a particular way of using circumstantial evidence at the summary judgment stage [i.e., *McDonnell Douglas*].” *Id.* at 996.

More recently, in *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), the Seventh Circuit rejected this distinction between "direct" and "indirect" methods of proof altogether as unnecessarily confusing, saying that evidence need not "be sorted into different piles, labeled 'direct' and 'indirect,' that are evaluated differently. Instead, all evidence belongs in a single pile and must be evaluated as a whole." 834 F.3d at 765, 767.

Because this Court's decision in *Gohl* relied on pre-*Ortiz* Seventh Circuit case law, it drew a distinction between "an indirect or direct showing of discrimination." *Gohl*, 836 F.3d at 682-83. While this was unnecessary, the Court's "direct" approach to analyzing the evidence as a whole was appropriate. At bottom, based on precedent and Rule 56 of the Federal Rules of Civil Procedure, the focus of a Title VII inquiry should not be on the plaintiff's ability to satisfy the requirements of a particular evidentiary framework, but on whether her evidence could permit a reasonable jury to infer that she was terminated because of race.

Evans offered evidence including her supervisor's statements and a comparison between her treatment and that of other employees. Whether or not Evans's coworkers were perfect comparators, a jury could still find

their treatment relevant. *See Tynes*, 88 F.4th at 947 ("[T]o the extent that there are material differences between Tynes and her comparators at this stage of the case, it is the jury's role — not ours, to determine how much weight the comparator evidence should be given."). And the district court itself believed that the supervisor's statements created a genuine issue of material fact. *See* Order at 4-5, R.35, PageID ## 550-551.

## II. Even under the *McDonnell Douglas* framework, the court should have considered evidence of Grey's discriminatory remarks.

Although viewing the evidence in a unified manner is entirely appropriate, Title VII plaintiffs may choose instead to use the burden-shifting framework of *McDonnell Douglas* to establish a circumstantial case of discrimination. Under the three-part approach of *McDonnell Douglas*, the plaintiff first must satisfy the "not onerous" burden of establishing a prima facie case. *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). The *McDonnell Douglas* Court originally stated that a plaintiff could do this by showing "(i) that [the plaintiff] belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer

continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas*, 411 U.S. at 802.

A prima facie case eliminates the most common nondiscriminatory explanations for an adverse employment action and creates "a legally mandatory, rebuttable presumption" of discrimination. *Burdine*, 450 U.S. at 254 n.7. The defendant may rebut this presumption by articulating (not establishing) a non-discriminatory explanation for the challenged action. *McDonnell Douglas*, 411 U.S. at 802-03. If it does, the presumption disappears and the plaintiff bears the burden of proving that the non-discriminatory explanation is a pretext for discrimination. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

### A. *McDonnell Douglas* is simply a framework for organizing evidence.

The Supreme Court intended *McDonnell Douglas* to help organize circumstantial evidence, not to blind courts to evidence that did not fit. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993) ("[T]he *McDonnell Douglas* presumption is a *procedural* device, designed only to establish an order of proof and production."). Establishing a prima facie case is not the end goal of a Title VII lawsuit; what matters is whether a reasonable jury

could find that the employer discriminated against the plaintiff because of her protected characteristic(s). *See* 42 U.S.C. § 2000e-2. Thus, as the Court has repeatedly explained, "The method suggested in *McDonnell Douglas* … was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978); *see Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 308 n.2 (2025) (same).

The *McDonnell Douglas* Court observed that "[t]he facts necessarily will vary in Title VII cases, and the specification … of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *McDonnell Douglas*, 411 U.S. at 802 n.13; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("[T]he precise requirements of a prima facie case can vary depending on the context…."). The approach is flexible, the Court has explained, because the fundamental "factual inquiry" in a Title VII case is "whether the defendant intentionally discriminated against the plaintiff." *Aikens*, 460 U.S. at 715 (citation omitted). The four prongs of the prima facie case simply "serve[] to bring

the litigants and the court expeditiously and fairly to this ultimate question." *Burdine*, 450 U.S. at 253.

### B. The fourth prong of a prima facie case under *McDonnell Douglas* is flexible enough to account for all evidence of discrimination.

Comparator evidence will typically satisfy the fourth prong of the *McDonnell Douglas* case, but "[i]t does not follow … that the plaintiff necessarily must submit such comparative evidence in order to establish a *prima facie* case." *Birch v. Cuyahoga Cnty. Prob. Ct.*, 392 F.3d 151, 165-66 (6th Cir. 2004). "[R]equiring a plaintiff to establish a *McDonnell Douglas* criterion which has no bearing upon the question of disparate treatment or upon the defendant's motive for dismissing plaintiff is precisely the kind of mechanistic application of the *McDonnell Douglas* model proscribed by the Supreme Court," this Court has warned. *Beaven v. Kentucky*, 783 F.2d 672, 676 (6th Cir. 1986).

Moreover, this Court has observed, the Supreme Court itself has said that comparator evidence is not always required. In *Washington County v. Gunther*, 452 U.S. 161 (1981), the Supreme Court held that there may be "viable cases of sex-based wage discrimination" even in the absence of a comparator. *Birch*, 392 F.3d at 166 (citing *Gunther*, 452 U.S. at 178-79).

"[R]equiring such a plaintiff, as part of her prima facie case, to produce evidence that comparably situated employees of the opposite sex were treated more favorably (i.e. received unequal pay for equal work)," this Court concluded, "would directly conflict with the Court's holding. Therefore, this type of comparative evidence cannot, as a matter of logic, be a necessary part of the plaintiff's *prima facie* burden." *Id.*

Consequently, in this Circuit the fourth prong of the prima facie case is "context-dependent." *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc). For example, in a hiring case, "when an employer discriminatorily cancels a position to avoid hiring an applicant of a disfavored class, the applicant need not establish that somebody else filled the position." *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1061 (6th Cir. 2022); *see also Brown v. Packaging Corp. of Am.*, 338 F.3d 586, 590 n.1 (6th Cir. 2003) (plaintiff "might well have been able to make out a case for the jury" even without evidence that the job remained open); *Shah v. Gen. Elec. Co.*, 816 F.2d 264, 270 (6th Cir. 1987) ("plaintiff's failure to show that GE attempted to fill his vacated position is not fatal if he can establish other evidence raising an inference of disparate

treatment"). In some cases, plaintiffs may satisfy the fourth step of the prima facie case through discriminatory comments alone. *Birch*, 392 F.3d at 167 (employer's sexually based comments when plaintiff complained about discriminatory low pay is "powerful evidence of discriminatory animus" sufficient to satisfy prima facie case); *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1466 (6th Cir. 1990) ("a plaintiff could show that the employer made statements indicative of a discriminatory motive").

Reflecting this flexible approach, this Court has stated the fourth prong of the prima facie case flexibly. Rather than demanding comparators in every case, this Court requires "circumstances that support an inference of discrimination." *See, e.g., Kean v. Brinker Int'l, Inc.*, 140 F.4th 759, 774 (6th Cir. 2025) (citation omitted); *Bledsoe v. Tenn. Valley Auth. Bd. of Dirs.*, 42 F.4th 568, 578 (6th Cir. 2022) (citation omitted); *Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 808 (6th Cir. 2020) (citation omitted).

Some recent (primarily unpublished) decisions of this Court have suggested that the *McDonnell Douglas* framework requires comparator evidence in all cases, notwithstanding contrary Supreme Court and Circuit precedent. For instance, in *Gohl*, this Court stated when proceeding under *McDonnell Douglas*, "The comparator requirement is the be all and end all

of the circumstantial-evidence test. If there are no comparators, there is no way to deploy it." *Gohl*, 836 F.3d at 683; *see also Moore v. Next Generation Hosp. LLC*, No. 24-4050, 2025 WL 3025607, at *7 (6th Cir. Oct. 29, 2025) (same); *Williamson v. Univ. of Louisville*, No. 23-5812, 2024 WL 3595912, at *4 (6th Cir. Apr. 4, 2024) (same). Even some of these decisions recognize that requiring a comparator "does not work well in all settings." *Gohl*, 836 F.3d at 683); *see also M.J. ex rel. S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 n.10 (6th Cir. 2021) (same).[4] In any event, these cases are not precedential on this point because they conflict with earlier decisions. *See, e.g., Barnes*, 896 F.2d at 1466 (in lieu of comparator evidence, plaintiff may establish prima facie case through "statements indicative of a discriminatory motive").

The district court here acted consistently with the non-precedential, outlier cases. The court relied on *Patterson v. Kent State University*, 155 F.4th 635, 645 (6th Cir. 2025), for the proposition that a prima facie case requires comparators in all circumstances. *See* Order at 6, R.35, PageID # 552. But in

[4] Given this internal conflict, the EEOC urges this Court to clarify that *McDonnell Douglas* does not always require comparators, and that cases holding otherwise are incorrect.

*Patterson*, the element of the prima facie case that the parties disputed was whether the employer had taken an adverse employment action against the plaintiff, not whether the plaintiff lacked comparators. *See* 155 F.4th at 645. The court assumed that the plaintiff had established a prima facie case and focused instead on pretext, the third step of the *McDonnell Douglas* analysis. *Id.* at 646.

The district court then quoted *Hayes v. Clariant Plastics & Coatings USA, Inc.*, 144 F.4th 850, 858 (6th Cir. 2025), and *Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 512 (6th Cir. 2022), but only for the purpose of explaining the definition of "comparator," not for defining a prima facie case. Order at 6, R.35, PageID # 552. Even applying the restrictive definitions of the fourth prong of a prima facie case in *Hayes* and *Blount* (requiring comparators), both cases are distinguishable. *Hayes* held that evidence of sexual harassment bolstered the plaintiff's claim that she was chosen for a reduction in force because of her sex, so the Court looked beyond comparators. 144 F.4th at 863. And the plaintiff in *Blount* offered *only* comparator evidence to suggest that his termination for violating a last-chance agreement was discriminatory. *See* 55 F.4th at 508-09. Accordingly, in the context of their own facts, these cases had no reason to

consider whether the fourth element of a prima facie case always requires a comparator.

The instant case is different. Whether or not the court was correct that Evans had no sufficiently similar comparators, the court recognized that the record contained circumstantial evidence of discrimination. Order at 4-5, R.35, PageID ## 550-551. Had the district court interpreted the prima facie case flexibly, as do the Supreme Court and the vast majority of this Court's precedents, it might well have concluded that Evans showed "circumstances which give rise to an inference of unlawful discrimination." *Burdine*, 450 U.S. at 253; *Kean*, 140 F.4th at 774 (same). This, of course, is the very purpose of the prima facie case. *See Burdine*, 450 U.S. at 253-54.

Ultimately, once a court is considering all the evidence the plaintiff produced, it should not matter whether a court characterizes its inquiry in terms of *McDonnell Douglas* or not. A court's role at summary judgment is to look at all of the evidence, not to divide it into different piles and proceed as if one pile has nothing to do with another. *See Ortiz*, 834 F.3d at 766 (criticizing district court because it "did not try to aggregate the possibilities to find an overall likelihood of discrimination"). As the Eleventh Circuit has explained, "the plaintiff will always survive summary

judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent. That is because *McDonnell Douglas* is only one method by which the plaintiff can prove discrimination by circumstantial evidence." *Tynes*, 88 F.4th at 946 (cleaned up; citations omitted). The district court erred by not considering all of Evans's evidence when addressing her discrimination claim.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court should be vacated and the case remanded for further proceedings.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

s/*Gail S. Coleman*
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
202-921-2920 gail.coleman@eeoc.gov

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) because it contains 4,238 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Book Antiqua 14 point.

s/*Gail S. Coleman*
GAIL S. COLEMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
202-921-2920
gail.coleman@eeoc.gov

## CERTIFICATE OF SERVICE

I certify that on this 9th day of November, 2026, I electronically filed the foregoing brief in PDF format with the Clerk of Court via the appellate CM/ECF system. I certify that all counsel of record are registered CM/ECF users, and service will be accomplished via the appellate CM/ECF system.

s/*Gail S. Coleman*
GAIL S. COLEMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
202-921-2920
gail.coleman@eeoc.gov